# BERWIND-WHITE COAL MINING COMPANY
## *v.*
# BORINQUEN SUGAR COMPANY.

San Juan, Equity, No. 897.

ON EXCEPTIONS TO MASTER'S REPORT AS TO SALE ON DEFICIENCY JUDGMENT.

*Master's Report—Notice.*
> 1. Equity Rule No. 66 does not require that any notice be given of the filing of the master's report.

*Reading of Report—Notice.*
> 2. The parties are to be held to take notice of what is done in court in the cause in which they are interested. The parties are held to take cognizance of the filing and reading of the master's report.

Opinion filed March 3, 1915.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

*Mr. H. G. Molina* for Orenstein, Koppel, & Company.

*Messrs. Savage & Francis* for exceptors.

*Mr. Jorge Dominguez* for purchasers.

HAMILTON, Judge, delivered the following opinion:

Upon the day set for the hearing of the master's report, the solicitor of Orenstein, Koppel, & Company, who has not filed any exception, asks that time be allowed for him to file exceptions, on the ground that no notice was given him of the report. This is opposed by counsel for the purchasers, and the question comes up whether it is necessary for the master to give notice of the filing of his report, or for the clerk to give notice of the filing of the master's report, or whether the filing of the report stands by itself a matter of which the parties are bound to take notice and act accordingly.

1. In the first place, the only party interested, that is, counsel for the purchasers, is satisfied that no notice is required, and contends that the report stands confirmed as to everyone who does not except, so that there is no question that, if the court is in error in making the ruling, at all events it is an error of which the purchaser cannot complain. The rule in question is rule 66, which says: "The master, as soon as his report is ready, shall return the same into the clerk's office, and the day of the return shall be entered by the clerk in the equity docket. The parties shall have twenty days from the time of the filing of the report to file exceptions thereto, and if no exceptions are within that period filed by either party, the report

shall stand confirmed." And then there is a regulation as to what happens when exceptions are filed. The court is asked to read into this rule a provision that either the clerk or the master shall give notice, and that the rule is not effective unless that is done. The matter does not seem to have been determined by the court heretofore, and, of course, it should be settled. This rule is practically a copy of the old Equity Rule No. 83. The only difference seems to be that the expression "equity docket" is used in the new rule instead of the "order book," and the time is reduced from one month for exceptions to twenty days. In the old rule there is no provision for notice any more than there is in the present rule. The decisions cited in Hopkins's Federal Equity Rules do not seem to cover the point, so the matter must come up on principle.

2. The general principle is that what is done in court is something of which the parties are bound to take notice. It is true that practically this may be difficult in some cases, but it is a question whether it would not introduce more trouble to require that notice must be given to the parties in interest. If notice is given, it must be served by someone and a return is needed, and there will be the question of service always. The parties certainly know when the master has concluded his hearings and they can readily ascertain when he files his report, and it seems to the court that the parties should be held to take cognizance of the filing of the report. It comes up in open court and is read, and at the time an order is made that there are twenty days allowed for exceptions. Twenty days would hardly run without a party who is diligent being able to inquire of the clerk on the subject. So practically it does not seem as if there ought to be much difficulty, and the court

is unwilling to read into the rule what is not there and what has not been there for a quarter of a century. It will hold that there is no necessity for the clerk or the master to give any notice of the filing of a matter which comes up in open court during the morning hour. If there is any decision on the subject, I would be glad to see it, but this seems to me to be correct on principle.